Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Susan B. Hersh,
for the United States Trustee
SBOT 09543925
214-767-1073
susan.hersh@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**In re:**

|  |  |  |
|---|---|---|
| | § | |
| **JUAN CASTILLO AND BLANCA** | § | **Case No. 25-42207-mxm-11(V)** |
| **ABIGAIL CASTILLO,** | § | |
| *Debtors.* | § | **Hearing Set: Feb. 12, 2026 @ 11:00 a.m** |
| | § | |

**United States Trustee's Motion to Dismiss under 11 U.S.C. §1112(b)(1)**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. §1112(b).  In support thereof, the United States Trustee would show:

**Summary**

Juan Castillo and Blanca Abigail Castillo (the "Debtors") filed a Chapter 11 petition, electing to be Subchapter V debtors.  No counsel has applied to be retained or has been retained in this case, despite numerous ECF filings by two separate attorneys and three law firms.  Although on September 18, 2025, the Debtors filed a "plan," (one day after the expiration of the 90 deadline to file a plan as prescribed by 11 U.S.C. § 1189), the document filed is just a form plan, with some handwritten information filled in, but with mostly blanks in it, where the case specific information, such as the identity of creditors and the treatment thereof, would be inserted.  The Plan is unconfirmable on its face.  No further action has been taken toward confirmation in this case.  The Debtors have also failed to file any monthly operating reports. This case should be dismissed.

---

**Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas.  A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

**Procedural History and Case Status**

1.     The Debtors filed a voluntary chapter 11 bankruptcy petition on June 19, 2025 (the "Petition Date"). [Dkt. No. 1].

2.     The Debtors operate a trucking company whose primary assets consist of trucks and trailers and their homestead.

3.     Behrooz Vida was appointed Subchapter V Trustee on June 23, 2025. [Dkt. No. 9].

4.     On June 23, 2025, the Court entered the Scheduling Order and Notice of Status Conference, setting the deadline to file a plan as September 17, 2025, and requiring the Debtors to remit $1,000.00 a month to the Subchapter V Trustee, to be held in escrow for his professional fees.  [Dkt. No. 11].

5.     No application to retain counsel has been filed or approved in this case.

6.     The Petition was signed by Michael Wiss ("Wiss"), on behalf of Michael Wiss & Associates ("MWA"), although it was filed using the ECF credentials of Andrew Nichols ("Nichols").

7.     On July 29, 2025, a Disclosure of Compensation of Attorney for Debtor was filed, by Nichols and his firm Andrew Nichols & Associates PLLC and further reflecting that there is no agreement to share fees "with any other person unless they are members and associates of my law firm." [Dkt. No. 30] (the "Disclosure of Compensation").

8.     With the single exception of the Notice of Appearance of MWA, signed by Wiss

---

[Dkt No. 38] and filed using the ECF login of Wiss (filed on August 6, 2025), all of the Debtors' other filings in this case have been filed using the attorney log-in/ECF filing account of Nichols.

9.    Pleadings in this case have been filed on behalf of the Debtors and signed by Wiss, for MWA, as counsel for the Debtor.   In other instances, pleadings are filed for the Debtors, as counsel for the Debtor, by the Law Offices of Andrew B. Nichols (signed by Nichols), by Andrew Nichols & Associates PLLC (signed by Nichols) or by the Law Offices of Andrew B. Nichols (signed by Wiss).

10.    The Disclosure of Compensation is signed and filed by Nichols.  No separate Disclosure of Compensation has been filed by Wiss, or his firm, MWA. No disclosures have been made concerning the legal and/or financial associations of the law firms of MWA, the Law Office of Andrew B. Nichols and Andrew Nichols & Associates PLLC and addressing the propriety thereof.

11.    An initial debtor interview was held on July 3, 2025. Wiss appeared at the IDI on behalf of the Debtors.

12.    The First Meeting of Creditors was held on July 28, 2025, and Wiss appeared at the 341 Meeting on behalf of the Debtors.

13.    The Debtors were required to file their Subchapter V Plan on or before September 17, 2025.  11 U.S.C. § 1189(b).  On September 18, 2025, after the deadline for filing had expired, the Debtors filed their proposed Plan. [Dkt. No. 43].  The Plan appears to be a pre-printed form with minimal handwritten insertions which provide some basic information about the Debtors. However, the Plan does not identify the creditors, which class to which they would belong or the Plan's proposed treatment thereof.  The Plan fails to include any information concerning the Debtors' assets, their projections, liquidation analysis, or other required information to satisfy the

---

elements for confirmation. A copy of the Plan is attached hereto as Exhibit "A".

14.     Three creditors have filed objections to confirmation of the Plan, including for the Debtors' failure to specify treatment of their claims.

15.     As of the filing of this Motion, the Debtor has not sought, nor obtained, an order setting pre-confirmation deadlines or a hearing to consider confirmation of the Plan.

16.     The Debtor has not filed any monthly operating reports. The Debtor is delinquent in filing monthly operating reports ("MORs") for June (partial post-petition period), July, August, September, October and November 2025, as of the filing of this motion. The December 2025 monthly operating report will be due January 21, 2026.

17.     The Debtor has failed to remit the monthly retainer fee payment to the Subchapter V Trustee for the month of December 2025.

## Legal Analysis

### *General discussion of burdens when dismissal or conversion is sought:*

18.     Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).

19.     Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

### *Failure to timely file a subchapter V plan and to pursue confirmation*

20.     Cause exits to dismiss a case where a Debtor has failed to file a plan within the time fixed by the Court.  11 USC 1112(b)(4)(J).  Under 11 U.S.C. § 1189(a), only the Subchapter V debtor may file a plan.  Section 1189(b) provides that a Subchapter V debtor "shall file a plan not later than 90 days after the order for relief under this chapter."  The Court may extend that deadline "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."  *Id*.  "The debtor may modify a plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of sections 1122 and 1123 of [the Bankruptcy Code], with the exception of subjection (a)(8) of such section 1123. After the modification is filed with the court, the plan as modified becomes the plan."  11 U.S.C. § 1193.

21.     The Debtors failed to file the Plan within the ninety (90) day mandatory time period for filing a plan.  The Plan was due on September 17, 2025.  The Debtors filed their "Plan" on September 18, 2025, which is unconfirmable on its face.  It is not clear that the Plan, as filed, even if it were filed on time, satisfies the Debtors' obligation to file a plan, in accordance with 11 U.S.C. § 1189(b).

22.     Failure to file a plan in the time required by the statute is cause for dismissal of this case.  *See* 11 USC § 1112(b)(4)(J).

23.     Moreover, the Debtors are not pursuing confirmation.

24.     Subchapter V debtors benefit from a more streamlined chapter 11 process.  For example, chapter 11 small business debtors have early deadlines to formulate a reorganization and are not required to pay United States Trustee fees or to file a separate disclosure statement, in anticipation of (and to facilitate) a speedy and efficient reorganization – not as a mechanism to allow debtors to just "park and sit."

25.     In this case, the Debtors filed their Subchapter V Plan after the deadline requiring a plan to be filed.  However, what was filed is not confirmable.  The Debtors filed a form document with minimal handwritten information filled in  – and no information concerning the treatment of creditors' claims, their proposed distribution or underlying analysis.  The Plan appears to have been filed as an attempt to meet the statutory deadline, rather than a reflection of an earnest effort to reorganize. The Plan fails to include the required projections and liquidation analysis.

26.     The Plan was filed more than three (3) months ago.  In that time, the Debtors have not taken any action in the case to address the Plan's deficiencies or to initiate the confirmation process by seeking and obtaining an order setting the requisite pre-confirmation deadlines and setting a confirmation hearing. The Debtors are not pursuing confirmation of the Plan and there is no reasonable prospect of reorganization.

27.     The failure of the Debtors to pursue pre-confirmation deadlines and to obtain a setting on confirmation suggests they cannot reorganize.  Although the Debtors filed a Subchapter V plan in accordance with 11 U.S.C. § 1189(b), they have not taken any action to pursue confirmation.  As set forth in a recent opinion by Judge Jernigan:

> In a subchapter V case, such as this one, a debtor must file a chapter 11 plan within 90 days of filing its case, but there is technically no time limit on confirming the plan. But the new subchapter V, which has only been in effect since mid-February 2020 as a chapter available for small businesses, is very clear in its overall purpose that cases should be pursued with all possible expedition; it is designed such that debtors should be required to be in and out of bankruptcy very promptly. There are several tight deadlines: an early first meeting of creditors; a deadline for the debtor to file a status report and have a status conference in the first 60 days, for the court and parties to ensure the case is on track; and, again, the 90-day deadline to file a plan. A debtor has many advantages under subchapter V: only the debtor may file a plan; the debtor is not required to file a time-consuming disclosure statement; the debtor does not have to pay U.S. Trustee fees; the debtor does not have to obtain an impaired, accepting class for its plan; and the absolute priority rule does not apply. But the quid pro quo for all of this is that a subchapter V debtor must move swiftly. Here, the Debtor filed its plan in October 2020. The Court does not believe that this Debtor is moving as swiftly, as Congress intended by enacting

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 6**

subchapter V.

*In re TNT Quadrangle Partners, LP*, Case 20-32006-SGJ-11; (docket no. 157).

**_Inability to reorganize is cause for dismissal._**

28.     The Court may dismiss or convert a chapter 11 case for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The facts of the case, including the deficiencies in the Plan and lack of disclosure of professional fees and lack of operating reports evidence an inability to reorganize.

29.     Analysis of a reasonably likelihood of rehabilitation is case-specific and will address the debtor's viability and rate of progress.  *See In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987) (*en banc*), *aff'd sub nom*, *United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

30.     In this case, the Debtors filed their Subchapter V Plan after the deadline requiring a plan to be filed.  Notwithstanding such filing, there is no reasonable prospect of confirming the filed Plan. The Plan is not confirmable.  The Plan has been on file for over three (3) months and no supplemental materials, including details on treatment of creditors have been filed.  The Debtors have not attempted to initiate the confirmation process by amending the Plan and seeking and obtaining an order setting the requisite pre-confirmation deadlines and setting a confirmation hearing. While there is no deadline to confirm in Subchapter V, the Plan, as filed, along with the Debtors' lack of progress toward confirmation, demonstrates that no reorganization is forthcoming.  The Debtors are not pursuing confirmation of the Plan which further suggests that the Debtors will be unable to confirm the plan.

***Debtor's failure to file monthly operating reports is cause for dismissal.***

31.     Cause exists for conversion when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (H).

32.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

Local Bankruptcy Rule 2020-1.

33.     Debtors' failure to comply with its administrative requirements by not filing MORs for the entirety of its time in Chapter 11 – June (partial), July, August, September, October, and November 2025, also support dismissal of this case.

***Failure to Comply with Administrative Obligations***

34.     Cause exists for dismissal when a debtor fails to comply with an order of the court. 11 U.S.C. § 1112(b)(4)(E).

35.     The Debtors failed to comply with the Scheduling Order by failing to remit the monthly interim compensation payments to the Subchapter V Trustee.  As such, cause exists to dismiss this case.

## Prayer

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case and grant any other relief to which the United States Trustee may be entitled.

Dated:  January 9, 2026

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Susan B. Hersh*
Susan B. Hersh
Trial Attorney
Texas State Bar No. 09543925
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
susan.hersh@usdoj.gov
(214) 767-1073

**Certificate of Service**

I certify that this motion was served via ECF to parties receiving same and to Debtors and parties on the Debtors' matrix, via First Class United States Mail, on the date this was filed.

*/s/ Susan B. Hersh*
Susan B. Hersh

Juan and Blanca Castillo
131 Los Cabos Dr.
Dallas, TX 75232

---

**Fill in this information to identify the case:**

Debtor Name ___Juan + Blanca Castillo___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
(State)

Case number: ___25-42207-MXM-11(v)___

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          02/20

___Juan + Blanca Castillo___          ___9/16/25___
[Name of Proponent                    ]'s Plan of Reorganization, Dated [Insert Date]

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

## Background for Cases Filed Under Subchapter V

### A. Description and History of the Debtor's Business

The Debtor is a [corporation, partnership, etc.]. Since [insert year operations commenced] ___2022___, the Debtor has been in the business of ___husband and wife.___ [Describe the Debtor's business]. ___Debtors' business is a trucking business and wife also works for a private school.___

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit___.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit ___.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ _____

The final Plan payment is expected to be paid on ___November 2030, assuming first payment made on December 2025.___

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Official Form 425A          Plan of Reorganization for Small Business Under Chapter 11          page 1

Exhibit "A"

Debtor Name ___Juan + Blanca Castillo___    Case number___25-42207-mxm(v)___

---

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:

| | |
|---|---|
| 2 | classes of priority claims; |
| 3-4 | classes of secured claims; |
| 1 | classes of non-priority unsecured clams; and |
| 1 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ☐ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

---

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1**............................. | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).<br><br>[Add classes of priority claims, if applicable] |
| 2.02 | **Class 2**............................. | The claim of [_____], to the extent allowed as a secured claim under § 506 of the Code.<br><br>[Add other classes of secured creditors, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).] |
| 2.03 | **Class 3**............................. | All non-priority unsecured claims allowed under § 502 of the Code.<br><br>[Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 4**............................. | Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.] |

---

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.<br><br>Or |
| 3.03 C | | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the |

---

Debtor Name _Juan + Blanca Castillo_    Case number _25-42207-MXM-11 (v)_

Code].

[Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).]

**3.03  Priority tax claims**

Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

**3.04  Statutory fees**

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

**3.05  Prospective quarterly fees**

All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

## Article 4: Treatment of Claims and Interests Under the Plan

**4.01  Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☑ Impaired  ☐ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any. For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: ☐ ."] [Add classes of priority claims if applicable] |
| Class 2 – **Secured claim** of [*Insert name of secured creditor.*] | ☑ Impaired  ☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.] [Add classes of secured claims if applicable] |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired  ☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.] [Add administrative convenience class if applicable] |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired  ☑ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

## Article 5: Allowance and Disallowance of Claims

**5.01  Disputed claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02  Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03  Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name  *Juan + Blanca Castillo*          Case number *25-42207-MXM-11(v)*

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>[List assumed, or if applicable assigned, executory contracts and unexpired leases.] |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [＿＿＿＿] days after the date of the order confirming this Plan. |

## Article 7: Means for Implementation of the Plan

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.]

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>[Insert additional definitions if necessary]. |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of [Texas] govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate governance** | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |

Official Form 425A          **Plan of Reorganization for Small Business Under Chapter 11**          page **4**

Debtor Name _____      Case number_____

---

[8.08 **Retention of Jurisdiction**     Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.]

| **Article 9: Discharge** |

[Include the appropriate provision in the Plan]

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

---

**[Discharge -- Section 1141(d)(3) IS NOT applicable; use one of the alternatives below]**

*[The following 3 alternatives apply to cases in which a discharge is applicable and the Debtor **DID NOT** elect to proceed under Subchapter V of Chapter 11.]*

**[Discharge if the Debtor is an individual and did not proceed under Subchapter V]**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

**[Discharge if the Debtor is a corporation and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
      (i)  imposed by this Plan; or
      (ii) to the extent provided in § 1141(d)(6).

*[The following 3 alternatives apply to cases in which the Debtor **DID** elect to proceed under Subchapter V of Chapter 11.]*

**[Discharge if the Debtor is an individual under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:
      (i)  imposed by this Plan; or
      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

---

Official Form 425A          **Plan of Reorganization for Small Business Under Chapter 11**          page 5

Debtor Name _____     Case number_____

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

> (i) imposed by this Plan; or
>
> (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

Debtor Name _Juan + Blanca Castillo_          Case number _25-42207_

x _Juan Castillo_

[Signature of the Plan Proponent]          _Juan Castillo_

[Printed Name]

x _Blanca Castillo_

[Signature of the Attorney for the Plan Proponent]          _Blanca Castillo_

[Printed Name]

Official Form 425A          **Plan of Reorganization for Small Business Under Chapter 11**          page **7**